UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| NANCY MITCHELL | CASE NO. 17-00687 |
| VERSUS | JUDGE ROBERT G. JAMES |
| RICKEY A. JONES, ET AL. | MAGISTRATE JUDGE HAYES |

### RULING

Before the Court is a Motion for Partial Summary Judgment [Doc. No. 7] filed by Defendant Sarah Lee, M.D. Plaintiff Nancy Mitchell does not oppose the motion. [Doc. Nos. 9, 11]. For reasons set forth below, the motion is GRANTED.

**I.   Background**

Plaintiff filed suit on May 25, 2017, alleging that, on June 5, 2016, when she was a pretrial detainee at the Tensas Parish Detention Center ("TPDC") she fell while exiting a shower and broke her right arm and wrist. [Doc. No. 1, p. 3]. While she did receive treatment at Riverland Medical Center, she claims that Defendant failed to arrange "follow-up care." *Id.*

As a result, she alleges that her arm and wrist healed improperly and are now permanently disfigured and disabled. *Id.* at 4. She asserts several constitutional claims under 42 U.S.C. § 1983 and, of import here, a medical malpractice claim under Louisiana law. *Id.* at 6-7.

Defendant filed the instant motion on July 25, 2017. Seeking dismissal without prejudice, Defendant argues that Plaintiff's state law medical malpractice claim is premature because a medical review panel has not rendered an opinion on the merits of the claim.[1] [Doc.

---

[1] Defendant offers undisputed evidence that she is a "Health care provider," within the meaning of the Louisiana Medical Malpractice Act, and insured for $100,000.00. [Doc. Nos. 7-

No. 7].

While Plaintiff filed a response to the motion on August 15, 2017, she does not oppose it.[2] [Doc. Nos. 9, 11]. Rather, Plaintiff offers an alternative to dismissal without prejudice: "a partial stay of the medical negligence action." *Id.* at 1. Defendant replied to Plaintiff's response on August 16, 2017. The matter is now before the Court.

## II. Law and Analysis

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); see also Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact

---

3; 7-4].

[2] Plaintiff concedes that "she does not contest the facts" in Defendant's "Statement of Uncontested Material Facts." [Doc. No. 11].

is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

Unless the moving party meets its initial burden, the Court may not grant a motion for summary judgment even if the motion is unopposed. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). Here, however, since Plaintiff does not set forth any material facts as to which there exists a genuine issue to be tried, the uncontested material facts listed in Defendant's Statement of Uncontested Material Facts [Doc. No. 7-1] are deemed admitted. LR 56.2 ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.").

**B. The Louisiana Medical Malpractice Act**

The Louisiana Medical Malpractice Act ("LMMA") provides that "[n]o action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel . . . ." LA. REV. STAT. § 40:1231.8(B)(1)(a)(I). "The Supreme Court of Louisiana has interpreted this provision to not only require the plaintiff to present the claim to a medical review panel, but also to wait until 'the panel has *rendered its expert opinion* on the merits of the complaint' before filing suit." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137-38 (5th Cir. 2016) (quoting *Delcambre v. Blood Sys., Inc.*, 893 So. 2d 23, 27 (La. 2005)). If the plaintiff fails to comply with the pre-suit exhaustion requirement, the suit must be dismissed without prejudice. *Id.*

Here, Plaintiff does not dispute that her claim is subject to the LMMA and the aforementioned exhaustion requirement. [Doc. No. 9]. Plaintiff also does not dispute that a medical review panel has yet to render an opinion on the merits of her claim. *Id.* Instead,

Plaintiff submits that the Court could stay "the medical negligence action" instead of dismissing her claim. However, the Court does not find that a stay would serve the interests of justice and judicial economy.

Considering Defendant's properly supported motion, as well as Plaintiff's lack of opposition, the Court finds that there is no genuine dispute of material fact surrounding whether Plaintiff's medical malpractice claim is covered by the LMMA and whether Plaintiff failed to satisfy Act's medical review panel exhaustion requirement. Accordingly, Plaintiff's medical malpractice claim is premature, and Defendant is entitled to judgment as a matter of law.

**III.    Conclusion**

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is GRANTED, and Plaintiff's medical malpractice claim arising under Louisiana law is DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA, this 23rd day of August, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE